UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CRIMINAL MINUTES -- GENERAL</u>

Case No.    EDCR 04- 42 (A) VAP                    Date:  May 1, 2007

===============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, JUDGE

| Rachel Ingram | None Present | |
| Courtroom Deputy | Court Reporter | Asst. U.S. Attorney |
| | | Not Present |

===============================================================
U.S.A. vs (Dfts listed below)              Attorneys for Defendants

1)    JAMES SANDERS                   1)
      Not Present                                Not Present

_____

**PROCEEDINGS:    MINUTE ORDER (1) GRANTING DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE; (2) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY;
AND (3) GRANTING IN PART AND DENYING IN PART GOVERNMENT'S
MOTION IN LIMINE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

        The four count First Superseding Indictment in this case charges Defendant James Sanders
with (1) Conspiracy to Possess Child Pornography (18 U.S.C. §2252A(b)(2)); (2) Possession of
Child Pornography (18 U.S.C. § 2252A(a)(5)(B)); (3) Travel with the Intent to Engage in Sexual
Acts with a Juvenile (18 U.S.C. §2423(b); and (4) Aggravated Sexual Abuse of a Child under 12
Years of Age (18 U.S.C. §2241(c)).  On April 30, 2007, the Court conducted a pretrial conference
and heard arguments on pretrial motions filed by the parties.  It now issues its ruling on those
motions.

**Defendant's Motion to Exclude Evidence**
        Defendant seeks to bar the Government from admitting into evidence, or referring to, his
unpublished voluminous[1] writings, which have been submitted to the Court as Exhibit 1 to the

_____

        [1]The writings are estimated to consist of approximately 1800 pages.

USA V. SANDERS, EDCR 04-42
MINUTE ORDER RULING ON MOTIONS IN LIMINE
MAY 1, 2007

Motion.  The writings are fictional, with titles including "Escape from Amerika," "The Sabbatical," "The Young Aviator," Children of Paradise," "The Epicene Rapture," and "For the Love of a Boy." Defendant used a pen name, "Elliot Bursan," in authoring these works.  Most of them bear a statement at the front or title page that "all characters are fictional" and some have a list of "dramatis personae."

The defense urges the Court to bar the Government's use of these manuscripts during trial because they are unduly prejudicial, are irrelevant to the facts of the charges in this case, and are not admissible under Federal Rule of Evidence 404(b).  [Mot. at 4-5.]

The Government seeks to admit this evidence as direct evidence of the charged offenses; alternatively, it argues that it is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake."  [Opp'n at 1.]

The manuscripts are not admissible as "direct evidence" of the charged offenses.   The Government argues that certain sexual conduct described in the fictional writings, e.g., digital penetration of a young boy's anus, is identical to conduct Defendant allegedly perpetrated upon the victim here.  The Government also concedes, however, that "many other sex acts" are described in Defendant's writings, [Opp'n at 3], and does not challenge the defense's assertion that the manuscripts also describe "sexual activities with hermaphrodites, . . . male, female and hermaphrodite orgies" and numerous other varieties of sexual conduct.  [Mot. at 5.]

"Two categories of evidence may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b).  First, evidence of prior acts may be admitted if the evidence 'constitutes a part of the transaction that serves as the basis for the criminal charge. . . .  [¶] Second, prior act evidence may be admitted without regard to Rule 404(b) 'when it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'"   United States v. Curtin, 443 F.3d 1084, 1090 (9th Cir. 2006) (citations omitted).

The defendant in Curtin was charged with violation of 18 U.S.C. § 2423(b), interstate travel with the intent to engage in sexual acts with a juvenile, as Defendant here is charged in Count 3 of the First Superseding Indictment.  The trial court permitted the prosecution to admit five stories, found on the defendant's personal digital assistant, about adults having sex with children.  The Ninth Circuit reversed the defendant's conviction, holding inter alia that his possession of stories detailing sex with children was not a part of the "transaction" that led to the charges against him, nor was admission of the material necessary for the prosecution to offer a coherent story.  Id.  The same is true here.  The writings themselves are not a part of the "transaction" that led either to the child pornography charges, nor the molestation charges.  (In fact, some of the writings were created by Defendant after the time of the acts charged in this case.)  That the writings here were

USA V. SANDERS, EDCR 04-42
MINUTE ORDER RULING ON MOTIONS IN LIMINE
MAY 1, 2007

authored by Defendant, unlike the writings carried by the defendant in <u>Curtin</u>, does not change the Court's analysis.

The manuscripts likewise are not admissible under Rule 404(b).  Defendant relies on <u>Guam v. Shymanovitz</u>, 157 F.3d 1154 (9th Cir. 1998), where the defendant was charged with unlawful sexual contact with minors and the trial court permitted introduction of six "adult" magazines, from which the prosecution quoted extensively during the trial.  In reversing the conviction, the Ninth Circuit first noted that the defendant's possession of material describing sexual conduct between minors and adults was irrelevant:  "The mere possession of reading material that describes a particular type of activity makes it neither more nor less likely that a defendant would intentionally engage in the conduct described and thus fails to meet the test of relevancy under Rule 401."  <u>Id.</u> at 1158.  The Government points out that Defendant here did not merely possess the manuscripts it seeks to introduce, he created them; even assuming (without deciding) that this distinction overcomes the general relevance objection, it is not sufficient to surmount the impediments to admissibility under Rule 404(b) found by the <u>Shymanovitz</u> court.

A four-part test applies in the Ninth Circuit to determine admissibility of evidence under Rule 404(b).  <u>United States v. Hadley</u>, 879 F.2d 848, 850-51 (9th Cir. 1990) (holding (1) must be sufficient evidence to support the jury's finding that defendant committed prior act; (2) other act must not be too remote in time; (3) when admitted to prove intent, prior act must be similar to charged act, and (4) prior act must be introduced to prove material element in charged offense).  The defense focuses its challenge to the latter two elements; the Government argues that the writings are admissible to show motive, intent, preparation, plan, knowledge, and absence of mistake, because they describe acts similar to those inflicted on the victim in this case, as it intends to prove as to Counts Three and Four, and that the fourth element of the test is satisfied because the manuscript contain multiple references to sexual contact between an adult male and a young boy, including a boy with physical attributes similar to the blond, blue-eyed victim here.  Furthermore, as to all four counts in the First Superseding Indictment, the Government argues that the Court should admit the evidence because it reveals the Defendant's interest in having sexual relations with young boys.

Insofar as the Government seeks to introduce this evidence as bearing on intent, it fails to satisfy the similarity requirement.  The Government itself describes the evidence as "erotica," not pornography; Defendant's possession - or even his authorship - of approximately 1800 pages, and 15 volumes, of manuscripts which contain descriptions of acts as varied as hermaphroditic orgies, is not probative of intent or any of the other suggested bases for admission, simply because it also contains descriptions of sexual conduct between adults and children.[2]  Furthermore, the

---

[2]Upon receiving the Defendant's Motion to Exclude Evidence, the Court issued an Order directing counsel for the government to identify which pages in the lengthy manuscripts it sought to

USA V. SANDERS, EDCR 04-42
MINUTE ORDER RULING ON MOTIONS IN LIMINE
MAY 1, 2007

Government intends to introduce voluminous evidence consisting of "instant message" transcripts, which cover much of the same ground, i.e., the preparation, planning, and motive of Defendant, making the disputed manuscripts unduly cumulative. The Government bears the burden of proving that the evidence is sufficiently similar to the offenses charged here, United States v. Spillone, 879 F.2d 514, 518 (9th Cir. 1989), and it has failed to meet this burden.

Finally, even were this evidence admissible under Rules 404(b) and 401, the Court finds that Defendant's objection under Rule 403 should be sustained.  The manuscripts contain explicit descriptions of sexual conduct that many jurors would find bizarre, if not offensive; any probative value is substantially outweighed by the unduly prejudicial nature of the material.

**Defendant's Motion to Exclude Expert Witness Testimony**

Defendant seeks an order barring the Government from calling the following five witnesses: the victim's father; Bruce Pixley, who is designated to testify about "the functioning, uses, and capabilities of the internet" [Opp'n at 1]; FBI Supervisory Special Agent James T. Clemente, who is designated to testify about the "grooming" of child victims by sexual predators attempting to engage in sexual or other inappropriate acts with the child [id.]; Immigrations and Customs Enforcement Special Agent James Moran, who is designated to testify about the forensic review and analysis of Defendant's laptop computer and recovered evidence therefrom [id.]; and unnamed additional ICE agents to testify about the recovery of transcripts of instant message or chat sessions from the computer of alleged coconspirators Seth Bekenstein and Randall Martin.

Insofar as it is based on alleged untimely notice by the Government of its trial witnesses, the Court denies the motion as to all of the witnesses named above.  Only SSA Clemente and Mr. Pixley have been designated to give expert testimony; to the extent that Defendant's protest regarding the proposed testimony of SSA Clemente could be construed as a challenge under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Court grants the motion in part, as follows:  Upon renewed request by the defense, which can be made orally on the first day of trial, the Court will conduct a hearing outside the presence of the jury pursuant to Federal Rule of Evidence 103 regarding the admissibility of the witness's opinions under Rule 702.

**Government's Motion in Limine pursuant to Federal Rule of Evidence 404(b)**

First, the Government seeks to introduce transcripts of the "instant message" ("IM") or internet chat sessions between Defendant and his alleged coconspirators and others during a period from October 24, 2000 and April 17, 2001.  This evidence is voluminous, and government counsel has been directed to identify which specific portions of the IM sessions it seeks to introduce.  Based on the excerpts quoted in its Motion, however, it is clear that portions of these

_____

introduce; it responded that it intended to introduce the entire document at trial, and although it only intended to read 10 to 20 pages to the jury, it did not identify those pages.

CR-11 (09/98)                                                         Initials of Deputy Clerk RI _____
CRIMINAL MINUTES - GEN                    4

USA V. SANDERS, EDCR 04-42
MINUTE ORDER RULING ON MOTIONS IN LIMINE
MAY 1, 2007

transcripts are admissible as direct evidence of the charges; assuming the Government can prove that it is Defendant using the various names it ascribes to him during the chat sessions, he admits to possessing child pornography, planning an interstate trip to visit the minor victim, and planning to commit sexual acts with the child victim.  To the extent that the evidence is offered as evidence of Defendant's intent, plan, preparation, and motive, the excerpts quoted in the moving papers satisfy the requirements of the four part test quoted above for introduction of this evidence:  there is sufficient evidence that Defendant is the person "speaking," the speech is not remote in time to the charged acts, the conduct (the statements in the IMs and chat sessions) is sufficiently similar to the charged conduct here - the pornography charges and the molestation charges - and the evidence is relevant to at least one element of each of the charged offenses, intent.  The Court grants the motion as to the instant message evidence, although it limits the amount of such evidence the Government may introduce, as set forth on the record at the hearing on this motion.

The Court has already ruled that the second and third categories in this Motion, consisting of the fictional writings of Defendant, are inadmissible.

The fourth category of material the Government seeks to introduce is correspondence from alleged coconspirator Seth Bekenstein to Defendant while the latter was incarcerated on the state charges arising from this conduct.  The final category of material which is the subject of this motion is "images of child erotica and non-nude children" as well as stories downloaded from the internet recovered from Defendant's laptop computer.  This material is irrelevant and barred by Rule 403.  Accordingly, the Court denies the Government's motion as to this evidence.

**IT IS SO ORDERED.**