O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SANDERS, | ) | Case No. EDCV 12-00873 VAP |
| | ) | **EDCR 04-00042 VAP** |
| Petitioner, | ) | |
| | ) | **ORDER DENYING AS MOOT** |
| v. | ) | **PETITIONER'S MOTION TO** |
| | ) | **EXTEND TIME TO FILE A** |
| UNITED STATES OF AMERICA, | ) | **SECTION 2255 MOTION** |
| | ) | |
| | ) | **[Motion filed on May 30, 2012]** |
| Respondent. | ) | |

Before the Court is Petitioner James Sanders's Motion to extend time to file a motion pursuant to 28 U.S.C. § 2255 (Civ. Doc. No. 1). The Court, having received and considered all papers filed in support of, and in opposition to, Petitioner's Motion, finds that the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, Petitioner's Motion is DENIED AS MOOT.

A defendant may file a motion to vacate his sentence under 28 U.S.C. § 2255 within one year from the date on

1  which his conviction becomes final.  28 U.S.C. § 2255.  A
2  conviction becomes final when the Supreme Court denies a
3  defendant's petition for a writ of certiorari, or the 90-
4  day window for filing such a petition elapses.  See Clay
5  v. United States, 537 U.S. 522, 532 (2003).  The Ninth
6  Circuit mandate affirming Petitioner's conviction and
7  sentence was filed on March 14, 2011, and Petitioner did
8  not petition for a writ of certiorari.  (Crim. Doc. No.
9  239.)  Thus, Petitioner's conviction became final 90 days
10 after March 14, 2011, or June 13, 2011, and his deadline
11 to file a Section 2255 motion was June 13, 2012.

13     On May 22, 2012, Petitioner executed a Motion
14 requesting an additional 45 days to file his Section 2255
15 motion because medical treatment left him unable to
16 mentally focus on preparing the motion.  (Mot. at 1.)
17 Petitioner delivered his Motion to prison officials for
18 mailing on May 30, 2012, and the Motion was received in
19 the court clerk's office on June 1, 2012.  (See Mot. at
20 2.)  For unknown reasons, Petitioner's Motion was not
21 docketed until June 25, 2012, after Petitioner's time to
22 file a Section 2255 motion had expired.  The Court treats
23 Petitioner's Motion as timely filed under the mailbox
24 rule.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th
25 Cir. 2003).

Petitioner has failed to establish good cause for an extension. See <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir. 2004) (a petitioner is entitled to equitable tolling on his Section 2255 motion if "extraordinary circumstances" beyond his control made it impossible to file on time). Petitioner has failed to submit an affidavit or medical records to substantiate his claim that "subjection to chemo and radiation therapy" resulted in his "inability to mentally focus on" preparing his Section 2255 motion. As such, he has failed to show that his medical condition made it impossible for him to file on time.

Even if the Court were inclined to grant Petitioner's Motion and extend his time to file a Section 2255 motion by 45 days, Petitioner's extension would have ended on July 28, 2012. That date has come and gone, and Petitioner has made no attempt to file a Section 2255 motion. Accordingly, the Court finds that granting Petitioner's Motion would have no effect and DENIES the Motion AS MOOT.

Dated: <u>October 2, 2012</u>

                                      VIRGINIA A. PHILLIPS
                                  United States District Judge